**Arnold Thomas BRADLEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2373.**

Supreme Court of Alaska.

May 19, 1975.

Ben Esch, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

BOOCHEVER, Justice.

Arnold Thomas Bradley was convicted of robbery in violation of AS 11.15.240 [1] upon his plea of guilty. He received a sentence of five years imprisonment with the court recommending that he be confined in an institution where psychiatric assistance is available. Bradley has filed this appeal from that sentence contending that it is excessive after taking into account the nature of the circumstances of the crime, the defendant's age and record and the rules outlined by this court in State v. Chaney.[2] He alleges that the trial judge did not specifically refer to the criteria outlined in *Chaney* and did not adequately consider the goal of rehabilitation, but instead evidenced repeated concern over the seriousness and dangerousness of the crime leading to the possibility that the crime itself was being punished rather than the defendant. It is further contended that the judge did not adequately set forth the rea-

1. AS 11.15.240 specifies:

 A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

2. 477 P.2d 441 (Alaska 1970).

sons and purposes of the sentence imposed as required by AS 12.55.075.[3]

■ As we have frequently stated, our standard of review on a sentencing appeal is to determine whether the trial court's imposition of sentence was clearly mistaken.[4] In this case, after a review of the facts pertaining to the crime, the defendant's background and prior offenses, the report of the psychiatrist and the presentence report, we hold that the trial judge was not clearly mistaken in imposing the sentence in question.

Bradley and a companion wearing masks robbed a grocery store in Anchorage while armed with pistols. The evidence presented indicates that from the age of 13, Bradley, who at the time of the offense was 19 years of age, had been in and out of various correctional institutions. He was detained at correctional facilities in Juneau, Alaska, Englewood, Colorado, and from 1972 until January 1974 at the California Youth Authority's Dewitt Nelson Training Center. Upon his return to the state, he lived with his stepfather and worked in his print shop for a period of time, but he quit this job and moved into other quarters shortly before the present offense. On July 21, 1974, he was convicted of the offense of carrying a concealed weapon and received a sentence of five days in jail. The present offense occurred on September 5, 1974.

■ The trial court had the benefit of a psychiatric report pertaining to Bradley which in part stated:

His life style suggests much anti-social type behavior and he appears to have no remorse for his crimes and has not shown significant ability to learn from prior experiences. Yet, I felt he was capable of appreciating feelings. He was unable to convince me that he expressed any sense of guilt when I asked him what his views were regarding his prior thefts.[5] At one point he replied, "If I need something I will probably steal it and I don't think I will be caught."

Diagnostically Arnold has an apparently untreated psychiatric illness best defined as schizophrenia, chronic undifferentiated type mixed with a strong anti-social component that possibly should be categorized as a personality disorder. Also he has a history of drug abuse which he probably plans to continue. His present habit or dependency was on the amphetamines prior to the incarceration.

In his recommendations, the doctor stated:

I feel that he is potentially dangerous to society at present, and I believe he would be best benefited by being maintained in a detention facility where psychiatric care could be given and treatment would be centered around making him more aware of his needs to conform to the laws of society. It is my opinion that considerable structure will be required.

The probation officer's report after reciting Bradley's personal history which indicated that he was the child of an Eskimo

3. *See* note 7 *infra.*
4. Smith v. State, 531 P.2d 1273, 1276 (Alaska 1975); Galaktionoff v. State, 486 P.2d 919, 922 (Alaska 1971); Nicholas v. State, 477 P.2d 447, 449 (Alaska 1970).
5. In Christian v. State, 513 P.2d 664, 670˙ (Alaska 1973), we stated:

Certainly the offender's unwillingness to accept criminal responsibility can and should be taken into account by the sentencing court. But it should be only one of several factors to be weighed in the scale of justice. Even one who unreasonably maintains his innocence may be susceptible of rehabilitation by a means short of a

maximum sentence. Although he may be psychologically or emotionally unable to concede his guilt, completely, it may still be possible to bring about a reformation of his conduct in the future through probation. The very fact that he is on probationary status, and that incarceration is an ever present potentiality, may be enough to make a critical difference.

We further noted that it may be unreasonable to expect an offender to admit guilt when his case is on appeal. In such circumstances, we think the denial of guilt should not be considered as a factor weighing against probation.

mother and a Caucasian father and that his childhood was subject to the problems of a broken home,[6] concluded by recommending that probation be denied and that the defendant be confined in an institution that can provide psychological counseling and therapy.

Judge Buckalew conducted a pre-sentence hearing at which the defendant appeared and testified as did his aunt. Before imposing sentence, the judge remarked that he had read the report prepared by the probation people, listened to the testimony and had received the impression that Bradley did not consider the crime to be particularly serious. He further commented that Bradley had done nothing in his life to demonstrate that "I should give you any real break this time", that the legislature had set the penalty for the offense at from one to fifteen years and that the District Attorney had set the outer limit on his recommended penalty at seven years.

■ While the judge did not articulate his reasons [7] for imposing the five-year sentence as fully as might be desired with reference to criteria established in the *Chaney* line of cases,[8] it is apparent that he did give proper consideration to these criteria. His interest in rehabilitation of Bradley is indicated by the judge's recommendation that he be confined in an institution where psychiatric assistance is available. It is obvious that he was concerned about both isolating the offender from society to prevent criminal conduct during the period of confinement, and deterring future criminal conduct on the part of the offender himself since he apparently lacked an appreciation of the seriousness of the offense of armed robbery. The sentencing judge was likewise concerned with deterring other members of the community from engaging in similar conduct by demonstrating the community's condemnation of such behavior. We cannot find that the judge in this case was clearly mistaken,[9] and there would be no purpose

---

6. It does not take a psychologist to sympathize with the problems encountered by this young man who was deserted by his father, lost his mother at the age of 13 and was raised in a succession of homes. Sympathy, however, is not a factor which may take the place of the sentencing criteria we have frequently enunciated; although, of course, the defendant's background is relevant in determining the likelihood of rehabilitation.

7. Alaska R.App.P. 21(f) specifies:

At the time of imposition of sentence the judge shall make a statement on the record explaining his reasons for imposition of the sentence.

In addition, AS 12.55.075 which became effective on August 1, 1974 provides:

(a) In addition to any other requirement of law relating to the imposition of sentences, at the time of imposing sentence for the conviction of a felony, the court shall prepare a sentencing report as part of the record, to include the following:

(1) a verbatim record of any sentencing hearing, including statements made by witnesses, the prosecuting attorney, the defense attorney, and the defendant;

(2) the reasons for selecting the particular sentence imposed;

(3) specific findings on all material issues of fact and on all factual questions required as a prerequisite to the selection of the sentence imposed;

(4) a precise statement of the terms of the sentence imposed, and the purpose the sentence is intended to serve.

(b) The sentencing report required under (a) of this section shall be furnished to the Department of Law, the defendant, the division of corrections and the Alaska Parole Board, Department of Health and Social Services.

8. In *Chaney*, 477 P.2d at 444, we held that the trial judge in setting the sentence should consider

. . . the objectives of rehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence to other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.

9. *See* other armed robbery cases reviewed by this court involving youthful offenders and lengthier sentences. Roehl v. State, 521 P.2d

served in our remand for a new sentencing procedure.

Affirmed.

1240 (Alaska 1974) ; Hixon v. State, 508 P. 2d 526 (Alaska 1973) ; Hawthorne v. State, 501 P.2d 155 (Alaska 1972) ; Robinson v. State, 492 P.2d 106 (Alaska 1971) ; Robinson v. State, 484 P.2d 686 (Alaska 1971).