Fred Jay LAYLAND, Appellant,

v.

STATE of Alaska, Appellee.

No. 2739.

Supreme Court of Alaska.

May 17, 1976.

Kent L. Yarbrough, of Albert Maffei, Maffei, Inc., Anchorage, for appellant.

Avrum M. Gross, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., and Ivan Lawner, Asst. Dist. Atty., Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

ERWIN, Justice.

█ In this appeal we are asked to determine whether the superior court was "clearly mistaken"[1] in imposing a sentence of eight years with one-third to be served without the possibility of parole. The trial court entered this sentence after appellant Fred Layland was found guilty by a jury of manslaughter.

On November 17, 1973, Layland, while under the influence of an intoxicating beverage, drove his automobile across the center line on the Glen Highway near Anchorage, Alaska. Layland's automobile collided with another vehicle carrying three young men—one of the occupants was killed as a result of the accident and the other two were seriously injured. Layland was subsequently indicted and convicted of manslaughter because of this incident.

█ It is Layland's contention that although the trial judge considered the sentencing criteria we enunciated in *Chaney*[2] and its progeny, the eight-year sentence imposed was excessive.[3]

█ The primary responsibility for sentencing rests in the trial court. However, the scope of review requires that we make our own examination of the record, focusing on the nature of the crime, the defendant's character, and the need for protecting the public. We have previously recognized that "[s]uch an independent examination of the justice of a particular sentence is necessary in order for the review process to function effectively."[4]

The presentence report in this case reveals that Layland, a twenty-seven year old Athabascan, has maintained a stable employment record over the years as a member of the Teamsters Union. Layland's wife of two years describes him as a responsible husband and a good father of their three children, two of which are stepchildren. Nevertheless, a number of people close to Layland recognize that he has a problem with alcohol.

██ The record reflects that Layland's drinking habits have previously resulted in encounters with the law. In 1970 he was convicted for driving while intoxicated. In addition, we note that subsequent to the accident, but prior to the imposition of the sentence, he was again arrested for violating AS 28.35.030, the law prohibiting operation of a motor vehicle while intoxicated.[5]

---

1. Our standard of review on an appeal from sentencing is to determine whether the trial court's imposition of sentence was clearly mistaken. *Bradley v. State*, 535 P.2d 1031, 1032 (Alaska 1975); *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

2. We first articulated the considerations a sentencing judge must take into account in *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970), where we said (footnotes omitted):

   Under Alaska's Constitution, the principles of reformation and necessity of protecting the public constitute the touchstones of penal administration. Multiple goals are encompassed within these broad constitutional standards. Within the ambit of this constitutional phraseology are found the objectives of rehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.

3. One of the objectives of sentence review is to correct the sentence which is excessive in length, having regard to the nature of the offense, the character of the offender, and the protection of the public interest. *See State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970); *Perrin v. State*, 543 P.2d 413, 414 (Alaska 1975).

4. *Perrin v. State*, 543 P.2d 413, 415 (Alaska 1975).

5. While this court has often cautioned that the trial court should not place undue weight on a defendant's previous police contacts during the sentencing process, we have approved of judicial consideration of "verified information concerning additional crimes" which did not result in actual convictions, " . . .

1184

An alcohol counselor who interviewed Layland after the accident observed:

> From a physiological and psychological reference, total abstinence from all forms of alcohol is imperative if Mr. Layland is to have full control of his faculties. Because of the permanent irreversible effects of alcohol abuse, it will be impossible for defendant to consider any type of social drinking.

Noting that Layland admitted he had had a drinking problem for a number of years but had failed to seek help, the counselor recommended long term intensive treatment for his alcohol addiction problem.

In light of the foregoing we think it is apparent that Layland is a threat to the community unless he can discontinue the use of alcohol. We therefore concur with the trial judge's recommendation on the judgment and commitment that Layland be placed in an alcohol rehabilitation program while he is incarcerated.

Recent statistics indicate that thousands of innocent people are killed or seriously injured nationwide each year by automobile drivers who take to the road in spite of the fact that they are highly intoxicated. Unlike many crimes, the victim has no way of protecting himself. While vehicular homicide does not require a criminal intent, the fact that a loss of life is involved compels us to consider it among the most serious offenses. The unique nature of the offense mandates that the trial court, in fashioning a sentence, place heavy emphasis on societal condemnation of the conduct and the need to protect society.

■ Upon reviewing this case we find that the eight-year sentence, coupled with the recommendation that Layland receive

treatment for his alcohol problems, serves the reformative purposes of penal administration, reaffirms societal norms, and deters both the appellant and others from engaging in similar conduct. Thus, we are unable to say that the trial court was clearly mistaken in imposing the sentence it did.[6]

---

where the defendant is informed of the information and given an opportunity to explain or admit it." *See Hixson v. State,* 508 P.2d 526, 527 n. 1 (Alaska 1973); *Adams v. State,* 521 P.2d 516, 517 (Alaska 1974). In the case at bar the officer who arrested Mr. Layland for driving while intoxicated testified at the sentencing hearing and was subjected to cross-examination by

Layland's attorney. Hence, although Layland had entered a plea of not guilty of the charge at the time of sentencing, it was properly considered by the trial court in imposing the sentence.

6. *See Gullard v. State,* 497 P.2d 93 (Alaska 1973).