**Gary Glenn GODWIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2793.**

Supreme Court of Alaska.

June 18, 1976.

James D. Gilmore, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

BOOCHEVER, Chief Justice.

Gary Glenn Godwin appeals from a sentence of ten years with five years suspended [1] imposed upon him for the conviction of the offense of manslaughter. He contends that the sentence is excessive.

Mr. Godwin was found guilty on his plea of nolo contendere to an indictment charging him with killing Kevin Robbins by operating a motor vehicle while under the influence of intoxicating liquor in violation of AS 28.35.030 [2] and driving at an exces-

---

1. The sentence was for:
   Ten (10) years with five years suspended and five (5) years to serve. Defendant is placed on probation when released for a period of five years. Defendant's license is hereby revoked. In accordance with AS 28.15.210(1) et seq. Defendant is not to consume alcoholic beverages and drive.

2. AS 28.35.030 makes it illegal to operate a motor vehicle while under the influence of intoxicating liquor.

sive speed and to the left of the center line, thereby colliding with a motorcycle driven by Kevin Robbins.

It appears that after completing work on April 25, 1975, Mr. Godwin stopped at the Diamond Lounge with his shop foreman. He admits having consumed approximately three and a half bottles of beer, and his blood alcohol content tested at .132 percent some time after the accident.[3] On his way home from the Diamond Lounge, Mr. Godwin passed a vehicle ahead of him, which he thought was moving too slowly, by driving in the oncoming traffic lane in a no passing zone on an upward grade. Kevin Robbins, who was then 15 years old, was proceeding in the opposite direction on his motorcycle and was killed in a head-on collision with Godwin's vehicle.

Mr. Godwin was 25 years of age at the time of the events and is married and the father of two children, aged two and six months at the time of sentencing. He has a high school education, a favorable employment record and apparently enjoys a good relationship with his wife and children. He has had, however, a prior history of driving offenses, having been convicted in 1969 of negligent driving; in 1970, of speeding on two occasions and reckless driving; in 1971, of speeding; and in 1972, of allowing an unauthorized person to drive—the latter being the only driving offense which has occurred since his marriage in 1972. In March 1974, he was convicted in Florida of the offense of breaking and entering and was placed on two years probation on August 30, 1974. The Florida probation officer considered him to be a nonparticipating member in the commission to this offense and indicated that Mr. Godwin did not know that the offense was to take place. Mr. Godwin served in the U.S. Navy for a year and ten months commencing in September 1970. During that period of time, he received eight captain's masts within a three-month period and acknowledges he was at fault on three occasions for which he received reprimands. He was honorably discharged in July 1972 with a general condition as being unsuitable for military life.

There was evidence that Mr. Godwin was remorseful over the death of Kevin Robbins, although, in the days immediately following the accident, he endeavored to make excuses for his conduct in causing the fatality.[4] At sentencing, however, Mr. Godwin accepted full responsibility for the accident.

■ Giving consideration to the defendant's background and the nature of the offense, we must determine whether the trial judge was clearly mistaken in imposing the sentence.[5] We have frequently reiterated that the following standards should be considered in sentencing:

Under Alaska's Constitution, the principles of reformation and necessity of protecting the public constitute the touchstones of penal administration. Multiple goals are encompassed within these

3. AS 28.35.033(a)(3) provides:
    (a) Upon the trial of a civil or criminal action or proceeding arising out of acts alleged to have been committed by a person while operating a motor vehicle under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's breath, shall give rise to the following presumptions:
    (3) If there was 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor.

4. He contended that while passing the truck ahead of him, the truck veered to its left forcing him to move into the oncoming lane, and that the motorcycle was too much of a machine for Kevin Robbins to handle. There is no indication in the record, however, that Mr. Robbins was in any manner at fault or that the conduct of the truck driver contributed to the cause of the collision.

5. We have often stated that our standard of review on a sentence appeal is to determine whether the trial court's imposition of sentence was clearly mistaken. See, e. g., *Cleary v. State*, 548 P.2d 952, Opn.No.1257 (Alaska 1976); *Bradley v. State*, 535 P.2d 1031, 1032 (Alaska 1975); *McClain v. State*, 519 P.2d 811, 814 (Alaska 1974); *Nicholas v. State*, 477 P.2d 447, 449 (Alaska 1970).

broad constitutional standards. Within the ambit of this constitutional phraseology are found the objectives of rehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement, deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves. (footnotes omitted)[6]

▮ In this case, there is every reason to believe that Mr. Godwin has been impressed with the seriousness of his offense,[7] and that in view of his family situation and employment record, the likelihood of rehabilitation would.be excellent without any substantial period of incarceration. In any case involving loss of life, however, and particularly in an offense involving driving while under the influence of alcohol, major considerations are the goals of deterrence of other members of the community and community condemnation of the offender and the offense so as to reaffirm societal norms and to maintain respect for those norms.

▮ Mr. Godwin was convicted of manslaughter under AS 11.15.040 which provides for punishment by imprisonment for not less than one nor more than twenty years. While the sentence here imposed is certainly a severe one,[8] we cannot say, considering the range of permissible sentences and Mr. Godwin's past record, that the trial court was clearly mistaken[9] in imposing the sanction that it did.[10]

---

6. *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

7. The probation officer indicated that Mr. Godwin had abided by the court's order not to drive during the ten months between the date of the accident and date of sentencing, and he has maintained an excellent employment record.

8. AS 33.30.250 authorizes the Commissioner of the Department of Health and Social Services or his designee to direct that a person convicted be permitted to continue in his regular employment if that is compatible with other provisions of the law unless the court at the time of sentencing has ordered that the person not be granted a work furlough. The court did not impose such a restriction in this case, and it would appear that a work furlough should be favorably considered under the circumstances here involved.

9. We note that the pre-sentence report of the probation and parole officer contains no recommendation due to an order of the judge. Normally, we believe that judges should avail themselves of the recommendations of the probation-parole officer.

10. In the case of *Gullard v. State*, 497 P.2d 93 (Alaska 1972), we affirmed a ten-year sentence for a traffic manslaughter involving the death of four individuals. The sentence was modified to remove the requirement of service of one-third of the minimum sentence before eligibility for parole. Gullard had no prior record, but while awaiting sentence, was convicted of two counts of driving while intoxicated. In *Layland v. State*, 549 P.2d 1182, Opn.No.1263 (Alaska 1976), we affirmed a sentence of eight years with one-third to be served without possibility of parole for a traffic manslaughter where one person was killed and two seriously injured. As in the instant case, Layland had a stable employment record and was a responsible husband and father. He did, however, have a prior conviction for driving while intoxicated, was found to have driven while intoxicated subsequent to the offense and prior to sentencing and had a recognized alcohol problem.