Robert R. BISHOP, Appellant,

v.

STATE of Alaska, Appellee.

No. 3331.

Supreme Court of Alaska.

Jan. 20, 1978.

Chris J. Rigos, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

Monica Jenicek, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

BURKE, Justice.

Robert R. Bishop, appellant, entered a plea of *nolo contendere* to an indictment charging him with two counts of manslaughter.[1] The charges arose out of a motor vehicle accident. The accident occurred when Bishop's own vehicle crossed a highway centerline and struck an oncoming car. The other car contained a young couple and their three minor children. The mother and a four year old boy were killed. Bishop had been drinking heavily at the time of the accident.[2]

The superior court sentenced Bishop to concurrent terms of seven and one-half years on each count. Its judgment further provided that the execution of two and one-half years of each sentence be suspended.[3]

1. AS 11.15.040.

2. In a statement to the probation officer that prepared his presentence report, Bishop said:
   I spent all of that evening drinking and was on my way home when I was stopped and issued a ticket for speeding. At some point I met an old friend and apparently we decided to go to Seward. On the way back [from] Seward, the accident happened. I knew I had been drinking heavily, and I was very tired, but I felt I could make it back to Anchorage.

3. AS 12.55.080.

At the time of sentencing Bishop was 39 years of age. The record indicates a long history of alcohol abuse, although there was considerable evidence indicating that since the accident Bishop had made good progress toward a life style of sobriety. The record further indicates a feeling of deep remorse on the part of Bishop and a sincere desire to mend his ways. However, Bishop had two previous convictions for driving while intoxicated, one in 1957 and the other in 1966. In 1976 he was convicted of engaging in a speed contest. Earlier on the day of the accident in question Bishop was ticketed for engaging in another speed contest.

The essence of Bishop's argument on appeal is that the superior court failed to give proper consideration to *all* of the goals of sentencing as set forth by this court in *State v. Chaney*, 477 P.2d 441 (Alaska 1970).[4] He contends that it ignored the matter of his rehabilitation under a mistaken belief that it was required to do so by our decisions in *Layland v. State*, 549 P.2d 1182 (Alaska 1976) and *Godwin v. State*, 554 P.2d 453 (Alaska 1976). His argument is based largely upon the following statement, made by the trial court at the conclusion of the sentencing hearing:

> Our supreme court has talked about rehabilitation of the offender. Now, that is not the sole matter that we necessarily must consider. If what you tell me is true, you are on the way to rehabilitation. But they have stated in these alcohol related manslaughter incidents that the greater matter would be a deterrent. This deterrent factor they talk about has been set out by the supreme court as one of the considerations we must take under advisement when passing sentence. . .

Mr. Bishop, I don't know what else to tell you and I don't know what else to say. I feel that you are clearly motivated and headed in the right direction, but I feel that the matters of deterrence, community condemnation, take paramount matter over the mere benefits to you as to rehabilitation.

In its sentencing remarks, the superior court discussed the need to deter future misconduct on the part of Bishop after his return to society, the need to deter others inclined to drive while drinking, and the necessity for a sentence that would reflect society's strong condemnation of those individuals who take innocent lives by driving while intoxicated. However, it also plainly recognized that it was required to consider the question of the defendant's rehabilitation, noting only that that was "not the sole matter" to be considered. Thus, the court clearly considered the criteria established in *Chaney*.

Contrary to appellant's argument, we do not interpret the court's concluding remarks as indicating any intention on its part to ignore the matter of his rehabilitation. Instead, we regard them as indicating only an appropriate awareness of the fact that the court was faced with a situation much like the one in *Godwin v. State, supra*, where we said:

> In this case, there is every reason to believe that Mr. Godwin has been impressed with the seriousness of his offense, and that in view of his family situation and employment record, the likelihood of rehabilitation would be excellent without any substantial period of incarceration. In any case involving loss

---

4. In *Chaney* we held:

Under Alaska's Constitution, the principles of reformation and necessity of protecting the public constitute the touchstones of penal administration. Multiple goals are encompassed within these broad constitutional standards. Within the ambit of this constitutional phraseology are found the objectives of rehabilitation of the offender into a noncriminal member of society, isolation of the offender from society to prevent criminal conduct during the period of confinement,

deterrence of the offender himself after his release from confinement or other penological treatment, as well as deterrence of other members of the community who might possess tendencies toward criminal conduct similar to that of the offender, and community condemnation of the individual offender, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves. 477 P.2d at 444 [footnotes omitted].

of life, however, and particularly in an offense involving driving while under the influence of alcohol, major considerations are the goals of deterrence of other members of the community and community condemnation of the offender and the offense so as to reaffirm societal norms and to maintain respect for those norms.[5]

In *Godwin* we affirmed a sentence of ten years with five suspended for the crime of manslaughter where the defendant, while intoxicated, drove at excessive speed and to the left of the centerline, killing the driver of a motorcycle. On similar facts, we affirmed a sentence of eight years in *Layland v. State, supra,* saying:

> Recent statistics indicate that thousands of innocent people are killed or seriously injured nationwide each year by automobile drivers who take to the road in spite of the fact that they are highly intoxicated. Unlike many crimes, the victim has no way of protecting himself. While vehicular homicide does not require a criminal intent, the fact that a loss of life is involved compels us to consider it among the most serious offenses. The unique nature of the offense mandates that the trial court, in fashioning a sentence, place heavy emphasis on societal condemnation of the conduct and the need to protect society.[6]

*See also Sandvik v. State,* 564 P.2d 20 (Alaska 1977).

Our review of the record fails to persuade us that the superior court was clearly mistaken. Such being the case, we must affirm that court's judgment. *McClain v. State,* 519 P.2d 811 (Alaska 1974); *Nicholas v. State,* 477 P.2d 447 (Alaska 1970).[7]

AFFIRMED.

---

5. 554 P.2d at 455 [footnote omitted].

6. 549 P.2d at 1184.

7. By this opinion, we are not implying that a judge may not give more weight to rehabilitation. We cannot see, however, that in this instance, the trial court was clearly mistaken in its balancing of the interests involved.