**STATE of Alaska, Appellant,**

v.

**David P. TUCKER, a/k/a Alberto Perez Ostos, Appellee.**

**No. 3567.**

Supreme Court of Alaska.

July 21, 1978.

---

Stephen E. Branchflower, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gēn., Juneau, for appellant.

Sue Ellen Tatter, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

Appeal is taken by the State from a six month sentence for two counts of burglary not in a dwelling on the grounds that the sentence is too lenient. When a sentence is appealed by the State, we will express our disapproval of the sentence when our independent examination of the record indicates that the court was clearly mistaken in imposing the sentence. *McClain v. State,* 519 P.2d 811 (Alaska 1974); *State v. Chaney,* 477 P.2d 441 (Alaska 1970); AS 12.55.120(b). It is our duty to examine the sentencing proceedings below in light of the "nature of the offense, the character of the offender, and the protection of the public interest." *State v. Chaney, supra* at 443.

Tucker was convicted of two violations of AS 11.20.100, Burglary Not in a Dwelling.

The two crimes can be recreated as follows. On March 3, 1977, Tucker and two juvenile boys became intoxicated and broke into the Alyeska Lodge at Girdwood and stole some eggs, soda pop, candy bars, cheese, a large quantity of meat and ten dollars in change. When Tucker attempted to sell these goods to his landlord, his landlord called the police. Tucker and his companions were arrested shortly thereafter.[1]

The second burglary occurred at the Alyeska Texaco station in Girdwood on April 20, 1977. After becoming intoxicated, Tucker and two juvenile companions (one who was involved in the prior burglary) drove to the Texaco station to obtain some more beer. Finding the station locked, the group gained entry by prying away a boarded-up window. Once inside, the group removed two cases of beer and approximately $90.00 in cash. The station owner reported the theft to the police and the three were subsequently arrested.

■ Tucker and his companions confessed to the burglaries.[2] The three juveniles were dealt with by the juvenile court. Tucker entered guilty pleas to a two count indictment for Burglary Not in a Dwelling. He was sentenced to serve six months[3] with credit given for time served which was in excess of three months. The trial court further ordered that Tucker be ineligible for parole during his sentence.[4]

David Tucker is 22 years old and came to Alaska in December 1976 to work at the Alyeska Ski Resort. His presentence report indicates that he is a citizen of Mexico, born Alberto Perez Ostos, and has been an illegal alien in this country since he left Mexico in 1972. He lived in the San Francisco Bay area until 1974 whereupon he moved to Hawaii and subsequently to Alaska.

Tucker received his formal education through the eighth grade in Mexico City and has attended various schools since then, but has never received a degree. The effects of Tucker's transience and alien status are reflected in his employment history. Tucker has held ten different jobs since 1973 including work as a disc jockey, a laborer, kitchen helper, maintenance man, cannery worker, picket line worker and chair lift operator and kitchen helper at Alyeska Resort.

The defendant has never had any psychological or psychiatric evaluation nor does he have either a prior juvenile or adult criminal record other than a traffic violation.

1. Tucker was arrested for receiving and concealing stolen property for it was his response to the police that the items were stolen by a friend and had been left in Tucker's care. Tucker was incarcerated by the police for approximately seven days pending an investigation of the theft; he was unable to post bail. When the District Attorney's office declined to prosecute the case, Tucker was released.

2. Tucker expressed his remorse for his offenses in a letter that he wrote to Judge Mark Rowland shortly after being indicted. Tucker confessed the wrongfulness of his conduct and requested that Judge Rowland place him on probation so he would have an opportunity to make restitution for the merchandise stolen.

3. Although Judge Rowland imposed less than the prescribed penalty for burglary not in a dwelling (not less than two nor more than five years incarceration), lesser sentences may be condoned under AS 11.05.150.

    *Imposing less than prescribed penalty.* Except in a case of murder or rape, the court may, upon conviction, when in its opinion the facts and circumstances make the minimum penalty provided in this title manifestly too severe, impose a lesser penalty, either of a fine or imprisonment or both. When less than the minimum penalty is imposed, the court shall set out the reasons for its action on the record in the case.

    Here, reasons were sufficiently articulated for the imposition of less than the minimum prescribed period of incarceration.

4. It is beyond the authority of trial courts to determine parole eligibility where the sentence is for less than one year. AS 33.15.230(a)(1) provides, in part:

    (a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may
    (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner is eligible for parole . . . .

    Thus, this aspect of the trial court's sentence must be vacated upon remand.

These burglaries were his first known offenses.

Although the two burglaries began as juvenile pranks and involved no overt violence, the loot taken indicates they were motivated by profit. Further, the defendant was not deterred by his arrest and week long incarceration for the receiving and concealing charge because he committed the second burglary six weeks after being released.

It is incumbent upon the court to consider four objectives in sentencing: (1) rehabilitation of the offender into a non-criminal member of society, (2) isolation of the offender from society, (3) deterrence of the offender after his release from confinement and deterrence of others in the community with similar criminal tendencies, and (4) community condemnation of the offender. *State v. Chaney, supra* at 441. Judge Rowland understandably considered rehabilitation, isolation and deterrence of the offender to be of secondary importance due to the fact that Tucker had signed a consent to deportation to Mexico at the time Judge Rowland pronounced sentence.[5] As expected, Tucker was deported to Mexico on August 12, 1977. Deterrence to those with similar criminal tendencies and community condemnation of the offense were considered by the court. Knowledge of the circumstances under which these crimes were committed taken together with the sentence and the fact that the defendant was to be deported after he served it will not erode society's belief that these burglaries were reflective of felonious anti-social behavior.

5. We do not believe that the goals of rehabilitation, isolation and deterrence of the offender may be ignored by a court upon sentencing an illegal alien who faces deportation upon termination of his sentence; such a policy might imply that an illegal alien may commit crimes without threat of sanctions other than deportation or that we have no concern for his future actions in whatever society he joins. It is clear, however, that the court did not ignore these goals but only considered them to be of secondary importance.

In *State v. Chaney, supra* at 444, we stated that the "determination of an appropriate sentence involves the judicious balancing of many and oftentimes competing factors . . . [of which] primacy cannot be ascribed to any particular factor." *Quoting Faulkner v. State,* 445 P.2d 815, 823 (Alaska 1968). We do not require that the court accord each goal equal weight. Varying weight may be given to the goals based on the circumstances surrounding the crime and the information elicited in the presentence report and sentencing hearing. *See Godwin v. State,* 554 P.2d 453, 455 (Alaska 1976); *Asitonia v. State,* 508 P.2d 1023, 1026 (Alaska 1973).

We are not persuaded that the court was clearly mistaken in imposing the sentence.

AFFIRMED IN PART; REMANDED IN PART.