**Ernest MORGAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4187.**

Supreme Court of Alaska.

Aug. 24, 1979.

James H. Plasman, Public Defender Agency, Bethel, for appellant.

Victor Krumm, Dist. Atty., Bethel, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

OPINION

PER CURIAM.

This is a sentence appeal.

---

**8.** *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

**9.** *See Good v. State*, 590 P.2d 420, 425 (Alaska 1979).

For committing the crime of lewd and lascivious acts upon a child,[1] Ernest Morgan was sentenced to five years imprisonment.[2]

■ Morgan's first point on appeal is that the trial court in selecting the sentence improperly took into account certain conduct of Morgan which took place after his conviction. This conduct consisted of the rape and torture of a young woman, committed in Morgan's home during a night of heavy drinking. This incident occurred the day after the jury found him guilty of the lewd and lascivious acts offense. The victim of the rape was subjected to brutal and humiliating treatment, with substantial physical injuries, and was also subjected to two acts of sexual intercourse. At the time of sentencing, Morgan was under indictment for these acts. The court also considered information about Morgan's attempted escape from jail, which was placed in evidence by stipulation of the parties.

When the sentencing hearing began, Morgan's attorney argued that the incidents of post-conviction conduct should not have been included in the presentence report, and that he should be able to confront and cross-examine the witnesses to that conduct. However, that demand was later withdrawn. The court then proceeded to use the information about Morgan's conduct which was contained in the presentence report.

Morgan now argues that the use of this information violated his privilege against self-incrimination because it but Morgan in the position of remaining silent or of explaining these allegations and thereby possibly incriminating himself. Under our holdings in *Nukapigak v. State*, 576 P.2d 982 (Alaska 1978), and *Layland v. State*, 549

P.2d 1182, 1183–4 (Alaska 1976), what occurred here was permissible. Morgan was not compelled to be a witness against himself.

■ As to the sentence itself, our review of the record reveals that in imposing this sentence the court was not clearly mistaken. *McClain v. State*, 519 P.2d 811 (Alaska 1974). Our conclusion is based on the following factors: the details of the offense; Morgan's prior juvenile record (his involvement in two burglaries led to an adjudication of delinquency); his post-conviction conduct; his serious alcohol problem; the conclusions of the presentence and the psychiatric report that Morgan is not likely to respond to treatment and is not motivated to control his use of alcohol.

Affirmed.

1. The defendant pushed his way into an apartment where five children, including a babysitter, were. He threatened the babysitter sexually and she left. Morgan then went into the bedroom, lifted the nightclothes of a sleeping six-year-old girl and crawled on top of her. When one of the other children threatened to phone the police, Morgan got up and pulled the phone out of the wall. When the child threatened to go to the police, Morgan left.

2. AS 11.15.134 states:

"*Lewd or lascivious acts toward children.* (a) A person who commits a lewd or lascivious act, including an act constituting another crime, upon or with the body of a child under 16 years of age, intending to arouse, appeal to, or gratify his lust, passions, or sexual desires, or the lust, passions, or sexual desires of the child is punishable by imprisonment for not more than 10 years nor less than one year."