STATE of Alaska, Appellant,

v.

Sammy LAMEBULL, Appellee.

No. 6668.

Court of Appeals of Alaska.

Nov. 5, 1982.

Eugene P. Murphy, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellant.

Stephen S. Hart, Suddock & Hart, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Sammy Lamebull was convicted of manslaughter, AS 11.41.120. He received a five year suspended imposition of sentence with no period of incarceration. AS 12.55.085. The state appeals, contending that the sentence was too lenient. AS 12.55.120(b). Manslaughter is a class A felony. The six-year presumptive term for first offenders who cause serious physical injury does not apply. AS 12.55.125(c)(1). The presumptive sentences for second and third offenders are, respectively, ten and fifteen years. AS 12.55.125(c)(2) and (3). Mr. Lamebull is a first offender, he has no criminal record, though he has accumulated six speeding tickets in the period from May 8, 1975, until the date of his sentencing.

Mr. Lamebull is a thirty-three-year-old Cheyenne Indian. He came to Alaska in 1974. He married his present wife in 1975. They have three children. He served in the United States Marines and spent thirteen months in Vietnam. Since leaving the service, he has divided most of his time between taking college courses and serving in a variety of social service organizations aimed at improving the conditions of his native ethnic group. He is primarily supported by his wife who is employed in the Anchorage school system.

There is no dispute regarding the facts of the incident leading to Mr. Lamebull's conviction. Mr. Lamebull is an alcoholic. He drove his vehicle while intoxicated, lost control, crossed the centerline, and collided head-on with a vehicle driven by Frank E. Snow. Mr. Snow died instantly as a result of the collision.

Mr. T.K. Furbush, the probation-parole officer who prepared the presentence report described Mr. Lamebull as follows:

For all practical purposes of reference, Mr. Lamebull appears to have been an average citizen; an involved member of his ethnic group; a good provider, and a stable family man. He is a high school graduate, a Vietnam veteran, and he participated in academic training through University studies to complement his vocational pursuits.

Mr. Furbush also concluded that Mr. Lamebull feels sincere remorse for the death of his victim, remarking:

I further believe that his guilt and remorse will in fact punish him, in a psychological way, more severely than any consequence the judicial system may mete out.

Mr. Furbush in the presentence report and Mr. Lamebull in his argument to this court rely heavily upon the pathology report by Dr. Donald R. Rogers, which indicates that Mr. Snow, was also intoxicated at the time of the accident and, was suffering advanced heart disease, such that he could have died at any time. Dr. Rogers also indicated that the blow to the head that caused Mr. Snow's death probably would not have been lethal but for his condition. We note, however, that Dr. Rogers was referring to the fact that Snow died instantly. Dr. Rogers suggested that similar injuries might have caused death within a few days to a normal person, but would not have killed instantly. It is also important to recognize that Dr. Rogers was convinced that the automobile accident caused Mr. Snow's death. There is nothing in the record which supports a finding that Mr. Snow was contributorily negligent or that his intoxication played any part in causing the accident.

When imposing sentence the trial judge did not specifically mention the criteria es-

tablished in *State v. Chaney,* 477 P.2d 441 (Alaska 1970). Nevertheless, he seems to have decided that general deterrence was not an appropriate consideration for drunken driver manslaughter since drunken drivers cannot be deterred. Secondly, he concluded that the shock of the accident and the defendant's remorse in having killed another human being adequately served the interest of special deterrence. The court reasoned that a majority of drunken drivers who kill would be sufficiently deterred by the fact of the homocide. Finally, the court concluded that Mr. Lamebull had substantially undertaken rehabilitation, actively attending Alcoholic Anonymous meetings and refraining from the use of alcohol entirely, since the accident. Since Mr. Lamebull is an alcoholic, the court considered his abstention very significant. The court did not mention isolation nor affirmation of community norms.

We disapprove the sentence as "clearly mistaken." *State v. Wassilie,* 578 P.2d 971, 974 (Alaska 1978). The trial court should not have dismissed general deterrence out of hand nor overlooked affirmation of community norms. *Godwin v. State,* 554 P.2d 453 (Alaska 1976) is particularly significant. There the court said:

> In this case, there is every reason to believe that Mr. Godwin has been impressed with the seriousness of his offense, and that in view of his family situation and employment record, the likelihood of rehabilitation would be excellent without any substantial period of incarceration. In any case involving loss of life, however, and particularly in an offense involving driving while under the influence of alcohol, major considerations are the goals of deterrence of other members of the community and community condemnation of the offender and the offense so as to reaffirm societal norms and to maintain respect for those norms.

*Id.* at 455 (footnote omitted).

Mr. Lamebull attempts to distinguish *Godwin* on two grounds. First, Godwin had a prior breaking and entering conviction which, while true, appears insignificant in

the supreme court's analysis of the case. *See* 554 P.2d at 454. Second, Lamebull points out correctly that the supreme court in affirming a ten-year sentence with five suspended did not necessarily endorse the sentence.

In *State v. Lupro,* 630 P.2d 18 (Alaska App.1981), we held that Lupro should have initially received at least three years for his negligent homicide. We further held that, after giving him maximum credit for rehabilitation in the six years intervening between his conviction and his motion to reconsider sentence pursuant to Alaska Rule of Criminal Procedure 35(a), Lupro should have received a minimum of one year to serve. Lamebull points out that Lupro's original crime was more aggravated because he left his injured and disabled victim in the street without medical care and was found to have perjured himself at his trial. While these factors were significant in our determination, that three years was the minimum that could properly have been imposed upon Lupro initially, Lupro's substantial rehabilitation during the intervening time negated any inference we would have otherwise drawn about Lupro's capacity for rehabilitation from his perjury at trial and leaving his victim unattended.

We did not hold in *Lupro,* and we do not hold here, that no set of facts could ever justify a sentence of less than one year's incarceration for one who drinks, drives, and kills and as a result is convicted of manslaughter. There may well be circumstances where the defendant's reasons for driving after drinking, while not amounting to a defense, would substantially mitigate his offense. By the same token, the causal connection between a given driver's intoxication and a resulting accident might be sufficient for criminal responsibility but nevertheless so attenuated that a less severe sentence would be justified. However, genuine remorse, community respect, and excellent prospects for rehabilitation do not, in our opinion, warrant a sentence of less than one year. Consequently, on this record, we conclude that while a substantially greater sentence could have been imposed,

a sentence of less than one year's actual incarceration was too lenient.

The sentence of the superior court is DISAPPROVED.