Billy J. HUCKABY, Appellant,

v.

STATE of Alaska, Appellee.

No. 5197.

Court of Appeals of Alaska.

Sept. 3, 1981.

Dana Fabe, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Anchorage, Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Bily Huckaby appeals from a conviction for reckless driving, AS 28.35.040. The sole issue in the merit appeal concerns the admissibility of a breathalyzer test result. The sentence is also appealed as excessive.

Huckaby was indicted and tried for three counts of negligent homicide growing out of a single vehicle accident during which he lost control of a pickup truck he was driving; it left the road and turned over. The decedents were friends of Huckaby riding as passengers in the rear-bed of the truck. The evidence at trial established

that Huckaby was speeding and had been drinking. The breathalyzer examination administered to Huckaby after the accident resulted in a .17 blood alcohol count.

Huckaby makes two separate attacks on the admission of the breathalyzer test result at his trial. First, he contends that the superior court erred in refusing to hold an evidentiary hearing on his motion to suppress, which was based on an affidavit of his counsel that the breathalyzer machine may not have been properly calibrated since the machine required thirty minutes to warm up as opposed to the twenty minutes the manufacturer's manual indicated should be required. Second, Huckaby claims that because the state did not meet its burden of proving that the statutory foundational requirements were met, the court erred in admitting the breathalyzer result.

Huckaby challenged the "breathalyzer" with a pretrial motion for an order *in limine.* The trial court did not deny the motion on its merits but simply held that Huckaby's factual assertions were insufficient to present a probability of machine malfunction or warrant an evidentiary hearing. We agree. In any event, Huckaby waived the issue by failing to object to the introduction of the breathalyzer evidence at trial. We find no error.

Huckaby contends that the court was clearly mistaken in categorizing him as a worst offender and that the one-year sentence imposed is excessive. Generally, the maximum sentence should not be imposed without some foundation for characterizing the defendant as the worst type of offender within the class of persons convicted of a particular crime. *Sielak v. State,*

581 P.2d 226, 227 (Alaska 1978); *Galaktionoff v. State,* 486 P.2d 919, 924 (Alaska 1971); *Waters v. State,* 483 P.2d 199, 201 (Alaska 1971). Although personal characteristics are often stressed in determining whether or not a defendant is a worst offender, e. g., *Wortham v. State,* 537 P.2d 1117, 1120 (Alaska 1975), the nature of the crime may itself support a categorization as a worst offender. *Wilson v. State,* 582 P.2d 154, 156–57 (Alaska 1978); *Burleson v. State,* 543 P.2d 1195, 1201 (Alaska 1975); see *Morris v. State,* 592 P.2d 1244, 1246 n.7 (Alaska 1979) (worst offender status not limited to crimes of violence). Obviously the sentencing judge relied on the nature of the crime in this case, saying he considered Huckaby's driving "as bad a situation as I can contemplate." He stressed the danger Huckaby's driving had created to his passengers, the motorcyclist, and other persons on the road. The evidence at trial amply supports the judge's conclusion that Huckaby's driving was about as reckless as it could have been for the entire time he drove on the Glenn Highway.[1] To characterize him as a worst offender was not clearly mistaken. *See generally Rosendahl v. State,* 591 P.2d 538, 541 n.9 (Alaska 1979) (affirming maximum sentence for failure to give assistance).

Huckaby suggests that the severe sentence indicates that the judge, despite his comments, placed undue emphasis on the fact that three people died. We believe Huckaby's extreme recklessness warranted his sentence. We cannot say the record suggests that the judge improperly considered the three deaths.[2] That there were

---

1. Many of the factors often stressed in declaring a person a "worst offender" are simply inapposite in a traffic case—for instance, whether the crime is violent, premeditated, or intended to harm multiple victims. *See generally Wilson v. State,* 582 P.2d at 156; *Bordewick v. State,* 569 P.2d 184, 186–87 (Alaska 1977); *Burleson v. State,* 543 P.2d at 1201. In a traffic case more relevant considerations may include duration of the offense, number of people put at risk, probability that someone or something would be injured, nature of the likely injury, and factors known to the driver that made his

driving more dangerous (e. g., intoxication, defects in the vehicle, and poor road conditions).

2. A trial judge imposing sentence may consider any facts relevant to the defendant's reformation or the need to protect the community from the defendant or those similarly situated, which are verified in the record. *Nukapigak v. State,* 562 P.2d 697 (Alaska 1977). Thus, Huckaby is incorrect in reading *Avery v. State,* 514 P.2d 637, 645 (Alaska 1973) to preclude the court's consideration of the three deaths in sentencing him. In *Avery,* the court did not question the trial court's right to consider evidence produc-

three people in the rear of his pickup who were extremely vulnerable in case of any accident was an undisputed fact at trial and one the judge could properly consider at sentencing in evaluating the extent of defendant's recklessness. *See Alexander v. State*, 611 P.2d 469, 482 (Alaska 1980).

Huckaby also argues that his sentence is excessive in the light of statistics which show that the normal sentence for reckless driving is zero to three or five days in jail, barring an extensive record of prior traffic violations and that thirty to sixty days is typical for cases involving a death. These statistics would be relevant only if it were shown that the other offenders were similarly situated with Huckaby. *Compare Salazar v. State*, 562 P.2d 694, 696 (Alaska 1977) (identically situated offenders should receive like punishment) *with Ferguson v. State*, 606 P.2d 382, 383 (Alaska 1980)(sentencing is an individual process and all persons committing the same crime should not necessarily receive like sentences). We think the sentencing judge was not clearly mistaken in rejecting those cases as not sufficiently comparable and that any disparity is not unjustifiably irrational.

The sentencing judge carefully discussed the *Chaney* factors and the weights he accorded them.[3] The severity of Huckaby's offense within the crime of reckless driving and the need to deter him, to deter others, and to reaffirm societal norms justify the one-year term. The sentence was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 814 (Alaska 1974).

AFFIRMED.

---

ed at trial which was material to sentencing; rather, it found that the trial court gave "undue emphasis" to a count in the indictment about which the jury could not agree. *Id.* at 646. Although the supreme court's reference is obscure, it clearly does not mean that a jury's decision (or lack of a decision) is *res judicata* or collaterally estops the trial judge in making his own fact findings. *See Alexander v. State*, 611 P.2d 469, 482 (Alaska 1980). The difference in burden of proof makes collateral estoppel unavailable. *See Avery v. State*, 616 P.2d 872, 874 (Alaska 1980). The supreme court has never articulated a burden of proof at sentencing proceedings and it may be that there is no burden of proof, *cf. State v. 45,621 Square Feet of Land*, 475 P.2d 553, 555 (Alaska 1970) (where the court held there was no burden of proof in condemnation actions since the court was required to award just compensation whether or not either side produced evidence). Nevertheless, if there is a burden on the state (a question we do not decide), it is no more than to produce evidence which is clear and convincing. *See*, Note, 66 Geo. L. J. 1515, 1543 (1978).

We would, however, caution judges rendering conclusions inconsistent with implicit jury findings to make their determination and the supporting reasons clear. Here the trial court specifically declined to consider the charge from which Huckaby was acquitted. We do not find that he unduly emphasized the underlying facts.

3. His emphasis was consistent with the supreme court's observation in other motor vehicle cases that the nature of the crime—no criminal intent but serious consequences—mandates heavy emphasis in sentencing on deterrence of others and the reaffirmation of societal condemnation for driving while intoxicated. *Bishop v. State*, 573 P.2d 856 (Alaska 1978); *Sandvik v. State*, 564 P.2d 20, 25–26 (Alaska 1977); *Godwin v. State*, 554 P.2d 453, 455 (Alaska 1976); *Layland v. State* 549 P.2d 1182, 1184 (Alaska 1976).