Herbert W. THEODORE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–554.

Court of Appeals of Alaska.

Jan. 4, 1985.

Mark S. Snyder, William F. Tull and Associates, Palmer, for appellant.

Michael N. White, Dist. Atty., Palmer, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Herbert Theodore was convicted, based upon his no contest plea, of the offense of incest, AS 11.41.450(a)(1), a class C felony. AS 11.41.450(b). Judge Beverly W. Cutler sentenced Theodore to five years with two years suspended. Theodore appeals this sentence, arguing that it is excessive. We affirm.

Theodore points out that he has not formerly been convicted of a felony and argues that therefore his sentence should

---

not have exceeded two years, the presumptive sentence for a second felony offender convicted of a class C felony, unless his case can be termed exceptional. *Austin v. State*, 627 P.2d 657 (Alaska App.1981). We have reviewed the record and conclude that Judge Cutler found that Theodore's case was exceptional, and that this finding is supported by the record. Judge Cutler considered the fact that although Theodore is a first felony offender for presumptive sentencing purposes, he has been convicted of a large number of serious misdemeanors. She also considered the fact that his was a particularly serious offense. AS 12.-55.155(c)(10). Judge Cutler pointed out that Theodore's incestuous conduct had gone for several years and involved full intercourse with the victim. *See Huckaby v. State*, 632 P.2d 975, 976–77 n. 2 (Alaska App.1981) (sentencing judge can rely on all facts relevant to the nature of the offense to conclude that defendant is a worst offender). We conclude that these factors justify the sentence which Judge Cutler imposed.[1] We find that the sentence was not clearly mistaken.

AFFIRMED.

SINGLETON, Judge, concurring.

I concur in this court's judgment affirming Theodore's sentence of five years with two years suspended for incest, a class C felony, AS 11.41.450. The facts establish that Theodore had sexual contact with his daughter, from the time she was eight or nine years of age, and engaged in sexual intercourse with her from the time she was in seventh grade until just prior to his being charged with the instant offense. At the time of his sentencing, the victim was seventeen and one-half years of age. We have held a number of times that where a person is convicted of an offense and the trial court finds, based upon verified information,[1] that the person's conduct in fact amounted to commission of a greater offense, the court may find that the conduct was among the most serious conduct included in the definition of the lesser offense. *See, e.g., Fee v. State*, 656 P.2d 1202, 1204–05 (Alaska App.1982); *Huckaby v. State*, 632 P.2d 975, 976–77 n. 2 (Alaska App. 1981).[2] *See generally* AS 12.55.155(c)(10) (permitting aggravation of a presumptive term where the conduct constituting the offense was among the most serious conduct included in the definition of the offense). Theodore's factual admissions, coupled with other verified information before the trial court, established that if Theodore was guilty of anything it was a violation of former AS 11.41.410(a)(4), a class A felony, since it is undisputed that Theodore was over the age of eighteen at all relevant times and that his victim was under the age of eighteen at all relevant times and was his natural daughter. Judge Cutler recognized this and therefore considered a number of our decisions dealing

1. Theodore argues that Judge Cutler improperly relied on evidence that the victim was "a basket case" from the incest. This information apparently came in part from a child in need of aid (CINA) hearing which was held in front of Judge Cutler. However, we note that at the conclusion of the sentencing Judge Cutler gave the parties an opportunity to comment on the matters which she considered in sentencing. Theodore never objected to the information from the CINA hearing, and we assume that he was familiar with the information presented in that hearing since it involved his daughter and he should have been a party to the hearing. Theodore did make an offer of proof as to some testimony which he wished to present concerning harm to the victim. Judge Cutler accepted Theodore's offer of proof and indicated that the offered testimony would not make any difference in her sentence. Judge Cutler indicated

that the length of time the incest went on and the seriousness of the case was the determining factor in the sentence. We conclude that if it was error for Judge Cutler to consider the evidence of the harm to the victim from the offense which was presented to her during the CINA hearing, the error was harmless.

1. This information can include listening to the testimony of witnesses under oath and subject to cross-examination at trial.

2. *Waters v. State*, 483 P.2d 199, 203 (Alaska 1971), is not to the contrary. There the court held improper a determination that a person pleading to a lesser offense was in fact guilty of a greater offense in the absence of verified information. I would read *Galaktionoff v. State*, 486 P.2d 919, 923–24 (Alaska 1971), in the same way.

with sentencing offenders convicted of various degrees of sexual abuse of a minor in imposing sentence. *See, e.g., State v. Brinkley*, 681 P.2d 351, 357–58 (Alaska App.1984). Under *Fee* and *Huckaby* it was proper for her to do so.

I am, nevertheless, very troubled by the state's ability to charge this defendant on these facts with a violation of AS 11.41.450, a class C felony. The Alaska Supreme Court in several cases has discussed the principles declared in *State v. Pirkey*, 203 Or. 697, 281 P.2d 698 (1955) (*en banc*) and *Olsen v. Delmore*, 48 Wash.2d 545, 295 P.2d 324 (1956) (*en banc*). Under the *Pirkey/Olsen* rule, "equal protection is violated when a statute prescribes different punishments for the same act committed under the same circumstances by persons in like situations." *Bell v. State*, 598 P.2d 908, 912 (Alaska 1979); *Hemphill v. State*, 673 P.2d 888 (Alaska App.1983). *Accord People v. Marcy*, 628 P.2d 69 (Colo.1981); *State v. Modica*, 58 Hawaii 249, 567 P.2d 420 (1977). Such a problem would surely exist if a prosecutor could always charge the class C felony if the facts established the class A felony. It seems to me that the only way to avoid serious equal protection problems is to construe AS 11.41.450(a)(1) to apply only to consensual sexual relations between adults who happen to be within the prohibited degrees of relationship. This seems to have been what the legislature intended when it enacted AS 11.41.-450(a)(1). Prior to code revision, former

AS 11.40.110 prohibited incest without regard to the age of the participants. The Criminal Code Revision Subcommission, entrusted with proposing Alaska Criminal Code revision, did not recommend carrying AS 11.40.110 over into the new code. The subcommittee report does not specifically address this statute. The subcommittee does say, however, that it had eliminated from its proposals all statutes purporting to prohibit consensual sexual activity between adults in private. Alaska Criminal Code Revision Part I, at 75 (Tent.Draft 1977).[3] The state legislature disagreed with the law revision commission and enacted AS 11.41.450(a)(1), apparently intending to reach consensual conduct between adults as well as AS 11.41.410(a)(4), which was identical except it provided that the victim must be under the age of eighteen.[4] The implication is that AS 11.41.450(a)(1) is limited to "victims" over the age of eighteen. What is implicit in the statute is explicit in the legislative commentary to AS 11.41.410(a)(4) which provides:

> Subsection (a)(4) provides that the final form of sexual assault in the first degree occurs when a person 18 or older engages in sexual penetration with a person under 18 who is entrusted to his care by authority of law (*i.e.*, ward) or who is his son or daughter. Insofar as the statute applies to a victim under eighteen who is the defendant's son or daughter, it raises what would be a C felony under

**3.** *See also* Stearn, *The Proposed Alaska Revised Criminal Code,* U.C.L.A.—Alaska L.Rev. 1, 66 (1977):

> During its consideration of sexual offenses, the Subcommission examined a number of existing statutes which in some instances criminalize sexual activity between consenting adults in private: adultery, cohabiting in a state of adultery or fornication, incest [former AS 11.40.110] and sodomy.
>
> Insofar as these statutes may be applied to prohibit sexual activity between minors, nonconsensual sexual activity, and sexual activity in public, the Code's sexual assault and indecent exposure statutes will provide greater protection for the victim than is currently available. To the extent that the existing statutes could be applied to prohibit consensual activity between adults in private, however,

these applications have been eliminated from the criminal law. In taking this step, the Subcommission recognizes that any statute prohibiting private consensual sexual activity between adults is subject to constitutional attack in light of the Alaska Supreme Court's holding in *Raven v. State* that "citizens of the state of Alaska have a basic right to privacy in their houses under Alaska's constitution." The Subcommission's decision not to impose criminal penalties for consensual adult sexual activity also appears consistent with the sentiment of Alaskans regarding "victimless crime." [Footnotes omitted.]

**4.** Former AS 11.41.410(a)(4) has been repealed. The same conduct is now prohibited by AS 11.41.434(a)(2), sexual abuse of a minor in the first degree, an unclassified felony.

the incest statute, AS 11.41.450, to an A felony.

Senate Judiciary Committee, *Commentary on the Alaska Revised Criminal Code,* Supp. No. 47, at 22–23, in 2 Senate Journal following p. 1413 (1978).

In order to avoid serious equal protection problems, we should interpret AS 11.41.-450(a)(1) only to apply to consensual sexual activity among adults. So interpreted, Theodore could not be guilty of this offense since his victim had not reached the age of eighteen at any relevant time. I nevertheless concur in the judgment affirming Theodore's sentence. The issue is not before us. Theodore is probably estopped to challenge the application of the statute to him and the sentence imposed appears reasonable for a sexual assault under the totality of the circumstances. *See, e.g., State v. Brinkley,* 681 P.2d 351, 357–58 (Alaska App.1984).