Richard D. ROBISON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2049.

Court of Appeals of Alaska.

Nov. 4, 1988.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy Simel, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

A jury convicted Richard D. Robison of kidnapping, but accepted the affirmative defense that he released his victim without harming her. Consequently, the offense was reduced to a class A felony. AS 11.-41.300(d). The jury also convicted Robison of attempted sexual assault in the first degree. AS 11.41.410(a)(1); AS 11.31.-100(a). Robison, a first felony offender, was subject to a five-year presumptive term. AS 12.55.125(c)(1). The trial court rejected Robison's claim that his conduct was among the least serious within the definition of the offense, AS 12.55.155(d)(9), and found instead that the conduct was among the most serious. AS 12.55.-155(c)(10). Robison received a sentence of

ten years with five years suspended. He appeals his conviction and sentence. We affirm Robison's conviction, but vacate his sentence and remand for imposition of the presumptive term.

## FACTS

In October 1986, C.R. was living and working in Anchorage. She rode the bus to work each day and had to change buses at the University Mall. During the afternoon of October 27, 1986, she had taken the bus to the mall and had gone inside the mall while waiting for her connecting bus. As she walked back out through the mall parking lot towards the bus stop, a man in a small pickup truck asked her for directions to Tudor Road. C.R. answered the man and then went across the street to the bus stop. She waited a few minutes and became concerned that she had missed her bus. She then went to a nearby phone booth to call her employer to say she was late.

C.R. testified that while she was in the phone booth, bending over her purse to find change, the man to whom she had earlier given directions backed up his pickup truck near the phone booth. He got out of the truck and came up behind C.R. C.R. testified that she felt something against her back and heard the man say to her, "I have a gun and I want you to suck my dick." C.R. said that the man directed her to get into the passenger side of his truck and she complied. When C.R. and the man were in the truck she could not see a gun. He again requested sexual activity which she refused. C.R. testified that the man started the truck and proceeded down the road, not traveling very fast. As the truck pulled slowly away from a stop sign, C.R. jumped out. The man drove away. C.R. scraped her hand "a little bit" but was not otherwise hurt. C.R. immediately reported the abduction to a passer-by, who took her to a nearby office from which C.R. summoned the police. At trial, C.R. identified Robison as the man who had abducted her.

■■■■ Robison testified at trial. He admitted that he had offered a ride to C.R. and requested that she "suck his dick." He denied having a gun or threatening C.R. with any object. He indicated that he was slowing down to let her out of the truck at her request, when she panicked and jumped out. He drove off.

## DISCUSSION [1]

Alaska Statute 11.41.300(a)(1)(C) provides in pertinent part that a person commits the

---

**1.** Robison challenges both his sentence and his conviction on appeal. We briefly address his merit appeal in this footnote. His sentence appeal is discussed in the text of this decision. Robison challenges his conviction on two grounds. First, he argues that he is entitled to a new trial because the investigating officer signaled the prosecuting witness and thereby coached her during her testimony. The trial court noticed the officer's actions and brought it to counsel's attention. Defense counsel expressly waived any remedy, indicating that the jury was probably aware of the officer's actions and would hold it against the state. It would appear that counsel's conscious waiver of a remedy during trial would be binding on the defendant in the absence of ineffective assistance of counsel. *Lanier v. State,* 486 P.2d 981, 983–88 (Alaska 1971). Since counsel obviously had strategic reasons for foregoing a remedy, *i.e.,* a cautionary instruction, we are not able to find either plain error or ineffective assistance of counsel. *See Potts v. State,* 712 P.2d 385, 394 n. 12 (Alaska App.1985). Robison notes that he brought a *"habeas corpus"* petition raising this issue after trial, which he contends should be construed as a motion for new trial. In Robison's view, by

seeking *"habeas corpus,"* he brought the issue to the attention of the trial court and therefore should not be bound by the plain error rule. As we have seen, however, matters of trial strategy are within the waiver rule established in *Lanier.* In addition, the plain error rule applies to all objections which should have been made at trial. Clearly, the trial court gave Robison an opportunity to seek a remedy during trial. His failure to do so could not be cured by a post-trial motion for new trial or for *"habeas corpus."* *Id.* at 390 n. 8.

Robison next argues that he is entitled to a new trial because one of the jurors voting to convict him later reconsidered his verdict and concluded that it was the product of fatigue. Robison concedes that we would have to overrule a number of Alaska Supreme Court cases and an applicable evidentiary rule in order to grant him relief. *See, e.g.,* A.R.E. 606(b) and, *e.g., LaLonde v. State,* 614 P.2d 808, 811 (Alaska 1980). We have no power to overrule our state's supreme court. We note that the United States Supreme Court, likewise, would not grant Robison relief on this claim. *See Tanner v. United States,* — U.S. ——, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). We therefore find no error.

crime of kidnapping if the person restrains another person with the intent to sexually assault the other person. Particularly relevant to this case is AS 11.41.300(d), which provides as follows:

In a prosecution for kidnapping, it is an affirmative defense which reduces the crime to a class A felony that the defendant voluntarily caused the release of the victim alive in a safe place before arrest, or within 24 hours after arrest, without having caused serious physical injury to the victim and without having engaged in conduct described in AS 11.41.410(a)(1) or (2) [sexual assault in the first degree] or AS 11.41.420 [sexual assault in the second degree].

Also significant is AS 11.81.900(b)(1) which provides in relevant part:

In this title, unless otherwise specified or unless the context requires otherwise,

(1) "affirmative defense" means that

(A) some evidence must be admitted which places in issue the defense; and

(B) the defendant has the burden of establishing the defense by a preponderance of the evidence[.]

Prior to sentencing, Robison filed notice of a mitigating factor and the state filed notice of aggravators. Robison contended that the conduct constituting his offense was among the least serious conduct included in the definition of the offense. AS 12.55.155(d)(9). The state contended that the conduct constituting the offense was among the most serious included in the offense "because it was part of a series of five inappropriate approaches to women who did not know him." AS 12.55.-155(c)(10).[2]

In support of the aggravating factor, the state called three witnesses at the sentencing hearing and relied on the testimony of a fourth witness at trial. Each of these women testified that Robison had approached them at a mall, asked directions, and impressed them as "weird," "strange," or "unusual." One of the women, L.S.,

testified that Robison called to her while sitting in his truck and asked directions to Spenard. As she looked over to answer him she thought, but was not certain, that he was masturbating. L.S. could not positively identify Robison as the man she had seen, but her description generally matched Robison and his vehicle. Construing this evidence most favorably to the state, it appears that Robison approached female strangers in shopping malls and asked for directions as an unsuccessful ploy in making their acquaintance. Judge Ripley relied heavily on this evidence in rejecting the mitigating factor and concluding that Robison's conduct was among the most serious included within the definition of the offense of which he was convicted.

The state concedes that this aggravating factor refers only to defendant's conduct in committing the offense and not to his propensity to commit similar crimes. In the state's view, however, Judge Ripley relied on the other contacts only as evidence indicating the character of the present assault. The state claims that in the judge's view, this evidence established that the defendant's act was not an impetuous isolated incident but a calculated approach, part of an ongoing plan to gain access to women as a means of sexually assaulting them. Finally, the state argues that Judge Ripley, in performing his role as sentencing judge, could disregard the jury's contrary conclusion regarding the victim's having been injured and could find that the defendant committed a more serious offense than that for which he was ultimately convicted. *Monroe v. State*, 752 P.2d 1017, 1021 (Alaska App.1988); *Fee v. State*, 656 P.2d 1202, 1204 (Alaska App.1982). *See also Ridgely v. State*, 739 P.2d 1299, 1302 (Alaska App. 1987); *Huckaby v. State*, 632 P.2d 975, 976–77 (Alaska App.1981). In the state's view, Judge Ripley's rejection of the jury's finding would permit the conclusion that Robison's offense was among the most serious within the definition of the crime. *See* AS 12.55.155(c)(10); *Braaten v. State*, 705

---

2. The state also filed notice that another aggravating factor, that the victim sustained physical injury as a result of the defendant's conduct, applied. *See* AS 12.55.155(c)(1). The trial court

made no finding with respect to this factor. We believe that this aggravating factor is precluded by the affirmative defense found by the jury.

**1360**

P.2d 1311, 1322–23 (Alaska App.1985); *Peetook v. State*, 655 P.2d 1308, 1311–12 n. 3 (Alaska App.1982).

 We reject these arguments. First, the jury's finding that Robison sustained his burden of proving, by a preponderance of the evidence, that he released his victim without harm was binding on the trial court. *See Briggs v. State*, 732 P.2d 1078, 1081 (Alaska 1987) (order suppressing breathalyzer test in criminal case operates as collateral estoppel in license revocation proceeding). Cases such as *Schnecker v. State*, 739 P.2d 1310, 1312–14 (Alaska App. 1987), *Ridgely* and *Huckaby* are distinguishable. In those cases, the defendant either pled to a lesser offense, or was convicted of the lesser offense, rather than the greater, arguably because the jury had a reasonable doubt regarding the element that distinguished the greater and lesser offenses. In contrast, the jury in this case expressly found, by a preponderance of the evidence, that the victim was released unharmed. In this circumstance, the trial court was bound by that finding.

We agree with the parties that the trial court could not find Robison's conduct to be among the most serious within the definition of the offense based upon his contacts with other women. This is true even if those contacts supported an inference that the instant offense was premeditated and not impulsive. The fact that a kidnapping is premeditated does not, standing alone, take it out of the class of typical offenses. Judge Ripley erred in concluding that Robison's conduct fell within AS 12.55.155(c)(10).[3] On the other hand, Robison's reasons for characterizing his offense as among the least serious included within the offense seems to be subsumed within the affirmative defense. *See* AS 12.55.155(e). We therefore conclude that the trial court was not clearly mistaken in rejecting the mitigating factor.

The judgment of the superior court is AFFIRMED. Robison's sentence is VACATED and this case REMANDED for resentencing to the presumptive term.

---

**3.** If Judge Ripley felt that Robison's conduct in accosting the other women established a dangerous pattern of behavior, warranting a suspended sentence in excess of the presumptive term, his remedy was to refer the case to the three-judge panel for sentencing on the theory that the presumptive term was too lenient. *See, e.g.,* AS 12.55.165–.175.