**Clifford L. BARNEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3102.**

Court of Appeals of Alaska.

Feb. 16, 1990.

William F. Morse, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Lisa B. Nelson, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Clifford L. Barney, pled no contest and was convicted of one count of manslaughter, a class A felony, in violation of AS 11.41.120(a)(1), and one count of assault in the second degree, a class B felony, in violation of AS 11.41.210(a)(2). Barney appeals contending his sentence is excessive.

### THE OFFENSE

On December 18, 1988, Barney recklessly drove his 1972 GMC pickup truck, equipped with a snowplow, on Minnesota Drive. He was travelling seventy to seventy-five miles per hour, weaved in and out of traffic, and cut in front of a number of drivers as he drove along Minnesota until it merged into O'Malley Road. Despite the opportunity to do so, Barney did not slow down before entering the intersection at O'Malley and C Street. He drove through a red light and collided with a 1980 Fiat driven by Deborah Lyons. Lyons was killed instantly. Her passenger, Danielle Tuttle, was seriously injured and required hospitalization. Barney was convicted of manslaughter for the death of Lyons and second-degree assault for the injuries to Tuttle.

### THE OFFENDER

Barney was twenty-six years old at the time of the offense. He was not intoxicated at the time of the offense, but had some traces of cocaine in his blood. He obtained his general education diploma from the Adult Learning Center in Anchorage. He was most recently employed as an independent tow-truck driver. Prior to that, he worked for his father as a mechanic. Barney has been cocaine dependent in the past and apparently used cocaine two nights before the offense. Barney has no prior felony record, but he has an extensive

record for traffic violations and his license has been suspended on numerous occasions. He has equipment violations, numerous speeding violations, reckless and negligent driving convictions and, most significantly, has been convicted three times of eluding a police officer after being signalled to stop. It is also significant that according to the presentence report, Barney has two speeding tickets for conduct occurring after the offenses in this case.

## SENTENCING

Barney is a first felony offender. Consequently, he was subject to a five-year presumptive term with a maximum twenty-year term for his manslaughter conviction. AS 12.55.125(c)(1). He was subject to a maximum term of ten years for his assault conviction. AS 12.55.125(d). The court found no mitigating factors. The court found three aggravating factors: (1) that Barney "employed a dangerous instrument in furtherance of the offense," AS 12.55.155(c)(4); (2) that Barney's "conduct created a risk of imminent physical injury to three or more persons, other than accomplices," AS 12.55.155(c)(6); and (3) that Barney had a criminal history of similar conduct which included reckless and negligent driving, AS 12.55.155(c)(21). However, with regard to the dangerous instrument aggravator, Judge Rowland found that "technically, it applies, but no weight should be given to it." Judge Rowland was particularly influenced in imposing sentence by Barney's driving record. Judge Rowland said:

> From the materials that I have received I have concluded that this offender, even though only 26 years old, and having no prior felony record, has little or no respect for the law or respect for others or their safety. I think this is amply demonstrated by his driving record, which goes back over a number of years, and it is this driving record that is of utmost significance in this case. I further have noted that the application of criminal sanctions, even though they haven't been felony sanctions in the past has had little or no deterrent effect on the defendant. I've concluded, from what I've read,

from the circumstances of the prior incidents in which he's been involved, that he is close to incorrigible, and its extremely unlikely that he will be rehabilitated. With his present attitude towards the law and the use of a vehicle, I think it is fair to characterize the defendant as particularly dangerous, recognizing that perhaps technically, he does not fit that definition as set forth in the cases cited here. But I think any reasonable analysis of his past conduct would lead us to predict, insofar as we can, that he constitutes a substantial danger to others when he's upon the highways. I have concluded that isolation for the protection of society, deterrence of others, and community condemnation, are the most important of the *Chaney* criteria to be considered in this case.

The trial court imposed an aggravated presumptive term of ten years for manslaughter and a consecutive four-year sentence for assault in the second degree. The assault sentence was suspended and Barney was placed on probation for five years.

## DISCUSSION

Barney argues that no person in Alaska has received a sentence as long as his for nonalcohol-related vehicular manslaughter. He contends that the only reported cases with sentences equal to or longer than his involved intoxicated drivers who either had prior DWI convictions or who had caused more deaths. *See Rosendahl v. State*, 591 P.2d 538 (Alaska 1979) (affirming ten-year sentence for intoxicated hit-and-run driver who killed one person and had two prior convictions for DWI); *Sandvik v. State*, 564 P.2d 20 (Alaska 1977) (affirming twenty-year sentence with eight years suspended for defendant who was convicted of manslaughter and had six prior convictions for DWI); *Layland v. State*, 549 P.2d 1182 (Alaska 1976) (affirming eight-year sentence for defendant who committed traffic manslaughter and had one prior DWI conviction and a DWI arrest while awaiting sentencing); *Gullard v.*

*State*, 497 P.2d 93 (Alaska 1972) (affirming ten-year sentence for nineteen-year-old defendant who killed four people and was convicted of manslaughter and had two subsequent DWI convictions while awaiting sentencing).

Barney notes that in *Pears v. State*, 698 P.2d 1198 (Alaska 1985), where a twenty-year-old ran red lights, stop signs, and ultimately collided with another vehicle killing two of the occupants and severely injuring a third, the supreme court strongly intimated that a sentence of ten years would be sufficient for a conviction of second-degree murder. Barney also relies on *Jones v. State*, 744 P.2d 410 (Alaska App.1987), where an eighteen-year-old first felony offender drove a vehicle while intoxicated, crossed a center line, and collided with two other vehicles going in the opposite direction, resulting in the death of two people and serious permanent injuries to a third. Jones received two five-year consecutive sentences which we reduced on appeal to a total sentence of ten years with two years suspended.

Barney's case is distinguishable from both *Pears* and *Jones*. Pears was twenty years old and Jones was eighteen years old. Barney is twenty-six. More significantly, Barney has a significant and substantial record of driving offenses, including three very serious cases of eluding a police officer. Neither Pears nor Jones had such extensive records. Pears had been warned by uniformed police officers not to drive. He resumed driving and was warned by a companion that he was dangerous. Jones was given no warning on the day of the accident.

In the case-at-hand, although Barney received no specific warnings preceding the accident, his actual conduct on the day in question in running two red lights, passing vehicles and speeding, approximates Pears' conduct. Barney's conduct on the day in question was clearly more serious than Jones. Comparing the totality of the circumstances, Barney's case is more comparable to Pears. Given his significant record of bad driving, Judge Rowland was not clearly mistaken in concluding that Barney needed to be isolated for the protection of the public. It is important to stress that it is Barney's callousness and irresponsibility, as evidenced by his conduct in eluding police officers, racing down the highway, and running red lights, rather than the mere fact that he had accumulated a number of speeding tickets that is significant.[1]

Barney further argues that Judge Rowland's decision to make the sentences on the manslaughter and assault convictions consecutive violated our decision in *Lacquement v. State*, 644 P.2d 856, 862 (Alaska App.1982). In *Lacquement*, we indicated that consecutive sentences greater than the maximum term for the most serious offense should be based on a finding of need to protect the public. Changes in the relevant statutes have led us to modify, to some degree, the *Lacquement* holding. *See Farmer v. State*, 746 P.2d 1300, 1301–02 (Alaska App.1987) (citation omitted), where we said: "More recently, however, we have declined to read *Lacquement* inflexibly. When an offender is convicted of multiple crimes, the presumptive term for the most serious crime remains an important benchmark—a benchmark that is not to be exceeded without good reason."

Under *Jones*, 744 P.2d at 411–12, however, the appropriate focus is no longer on the narrow issue of public danger, but rather on whether a composite sentence exceeding the presumptive term is warranted under the totality of the circumstances.

Here Judge Rowland found that a suspended period of time in addition to the ten-year unsuspended sentence was necessary to protect the public. Bearing in mind

---

1. Barney's sentence is therefore consistent with what we said in *Pruett v. State*, 742 P.2d 257, 264 (Alaska App.1987). "Sentences of ten years or more for conduct equivalent in seriousness to class A felonies under current law have generally been based on isolation as a goal of sentencing and have been reserved for those with a proven record of recidivism, or those whose conduct involved premeditated attempts to kill or seriously injure." Barney's proven record of recidivism in life-threatening reckless driving justifies the sentence imposed in this case.

that the additional time was suspended, we are satisfied that Judge Rowland was not clearly mistaken in his decision to impose consecutive sentences.

The sentence of the superior court was not clearly mistaken. *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence of the superior court is AFFIRMED.