**Leonard J. PUZEWICZ, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**A–4002.**

Court of Appeals of Alaska.

Aug. 6, 1993.

ing emphasizing the importance of specific deterrence as a factor in Keyser's sentence.

Carol A. Brenckle, Kenai, for appellant.

Shannon D. Hanley, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Leonard J. Puzewicz and his roommate, Arthur Tirrell, went to a Kenai bar on the afternoon of September 15, 1990; their purpose was to get drunk. Puzewicz, who had already been drinking earlier that day, spent several hours drinking beer at the bar. A little after 9:00 p.m., Puzewicz decided to leave the bar. Despite Tirell's repeated attempts to dissuade him from driving, Puzewicz got into his vehicle and began driving north on the Kenai Spur Highway.

Puzewicz had no driver's license. Between 1985 and 1990, he had been convicted three times of driving while intoxicated. As a consequence of his third conviction, his license had been revoked for 10 years—until the year 2000.

A driver traveling behind Puzewicz on the Kenai Spur Highway reported that Puzewicz was driving erratically; he crossed the center line of the highway at least three times in a two-mile stretch. The driver behind Puzewicz repeatedly flashed her headlights to alert Puzewicz to pull back into the northbound lane. At one point, Puzewicz pulled over to the side of the road, but then he drove away before the other driver could contact him.

A little farther down the road, Puzewicz crossed the center line again. This time, he struck another vehicle in which a mother and her four young children were traveling. The mother and one of her children were killed; the other three children were seriously injured. Puzewicz was taken to the hospital for treatment of a fractured sternum. Despite his assertion that he had drunk only four or five beers during the hours he spent at the bar, Puzewicz's blood alcohol level was .219 percent, over twice the legal limit. Puzewicz told the pre-sentence investigator that he did not remember leaving the bar or anything after that until he was transported to the hospital.

Puzewicz was charged with two counts of second-degree murder under AS 11.41.-110(a)(2) (conduct manifesting extreme indifference to the value of human life) and three counts of first-degree assault under AS 11.41.200(a)(3). He pleaded no contest to the two counts of murder in exchange for the State's dismissal of the three assault counts. On April 3, 1991, Puzewicz appeared for sentencing before Superior Court Judge Jonathan H. Link.

The sentencing range for second-degree murder is 5 to 99 years' imprisonment. AS

12.55.125(b). Puzewicz was a first felony offender, but, as noted above, he had three convictions for driving while intoxicated. Puzewicz's most recent DWI conviction arose from an incident on November 5, 1989, in which he drove his truck off the highway. Puzewicz's license had already been suspended, so he was driving illegally; he lied to the investigating officer about his identity. Puzewicz's blood alcohol level was found to be .186 percent.

For this third DWI, Puzewicz was sentenced on January 23, 1990, to 180 days in jail with 120 days suspended, to a 10–year revocation of his privilege to drive, and to residential alcohol treatment. Puzewicz was still on probation from this third DWI conviction when he committed the murders in this case. Puzewicz failed to undertake the residential treatment program required by the judgement in his 1990 DWI conviction, and the district court had issued a warrant for his arrest. This warrant was still unserved when Puzewicz committed the murders in this case.

The pre-sentence investigator reported that Puzewicz was genuinely remorseful for what he had done, was eager to undertake alcohol abuse treatment, and had been attending Alcoholics Anonymous meetings since his arrest. However, Judge Link rejected the pre-sentence investigator's favorable view of Puzewicz's rehabilitative potential. The judge noted that Puzewicz had deliberately violated the law simply by getting into his car in the first place, regardless of his state of intoxication. Although Judge Link found that Puzewicz's remorse was genuine, he concluded that a sentence longer than the 5–year statutory minimum was required to insure Puzewicz's rehabilitation and to insure that he was deterred from re-offending:

> It's clear that anybody who operates a motor vehicle under the conditions that you did, Mr. Puzewicz, is a serious and dangerous offender. There's no question about that. The question then becomes whether or not you're [to be] categorized ... as [among] the worst [offenders] within the scope of ... second-degree murder.

Comparing Puzewicz's case to the facts of *Pears v. State*, 698 P.2d 1198, 1199 (Alaska 1985), Judge Link found that Puzewicz, like Pears, had been warned not to drive, and that Puzewicz, like Pears, had engaged in extremely reckless driving, "as evidenced by the fact that a [private] citizen was trying to get you to stop by blinking [her] lights. In fact, you did stop once, but, before the citizen could get to you, you took off again."

Judge Link further found that Puzewicz was, in some respects, a worse offender than Pears. Pears had been 20 years old, with no prior record. 698 P.2d at 1200. Puzewicz, on the other hand, was 37 years old and had three DWI convictions within the previous five years. Puzewicz also had two convictions for driving without a valid operator's license, as well as two other alcohol-related misdemeanors: harassment and trespass. Moreover, as noted above, Puzewicz had failed to undertake the alcohol treatment ordered by the district court in January, 1990. Based on this history, Judge Link found that Puzewicz had failed to avail himself of "ample opportunities for rehabilitation", and that the sentencing goals of deterrence and reaffirmation of societal norms required a substantial period of incarceration.

Judge Link also found that the circumstances of Puzewicz's present offenses were "clearly aggravated": Puzewicz had gone to the bar with the express purpose of getting drunk; he drove to the bar when he knew that it was illegal for him to do so. After spending several hours at the bar, Puzewicz drove away from the bar despite warnings not to drive. Finally, Puzewicz's crime was aggravated because he had caused the death of two people.

Judge Link found that Puzewicz could not be rehabilitated or deterred by a sentence near the 5–year minimum. Moreover, Judge Link found that the sentencing goals of general deterrence and community condemnation of Puzewicz's actions would not be satisfied unless Puzewicz were sentenced to a term of imprisonment considerably longer than the 5–year minimum. Finally, Judge Link found that Puzewicz was

a dangerous offender who needed to be isolated from the community until his rehabilitation could be accomplished. For these reasons, Judge Link sentenced Puzewicz to two concurrent terms of 18 years' imprisonment with 5 years suspended (13 years to serve).

■ Puzewicz appeals this sentence, contending it is excessive. We affirm.

Even before the Alaska legislature enacted the present criminal code—when vehicular homicide was classified solely as manslaughter, with a maximum sentence of 20 years' imprisonment, under former AS 11.-15.040 and 11.15.080—the supreme court upheld sentences of 10 and 12 years to serve for drivers with prior DWI convictions who again recklessly drove and killed people. In *Sandvik v. State*, 564 P.2d 20 (Alaska 1977), the supreme court affirmed a sentence of 20 years' imprisonment with 8 years suspended for a defendant who had six prior convictions for operating a motor vehicle while intoxicated and who failed to stop after the accident. And in *Rosendahl v. State*, 591 P.2d 538 (Alaska 1979), the supreme court affirmed a 10–year sentence for a hit-and-run driver with two prior convictions for driving while intoxicated.

■ Under Alaska's current criminal code, vehicular homicide can be second-degree murder, manslaughter, or criminally negligent homicide, depending on the degree of risk created by the defendant's conduct and the defendant's level of awareness of this risk. *See* AS 11.41.110(a)(2), AS 11.41.120(a), and AS 11.41.130(a). If a defendant is found guilty of second-degree murder, the sentencing range is 5 to 99 years. AS 12.55.125(b).

*Pears v. State* was the first case in which the supreme court addressed the proper sentence for a vehicular homicide defendant convicted of second-degree murder. The defendant in *Pears* had killed two people and injured another after engaging in extremely reckless, intoxicated driving. The supreme court ruled, in a 3–2 decision, that sentencing Pears to 20 years' imprisonment was clearly mistaken. 698 P.2d at 1205. (Two of the justices in the majority

believed that any sentence greater than 10 years would be clearly mistaken. *Id.* at 1205 n. 15.) However, Pears was a youthful offender with no prior record; the supreme court declared that Pears's "relatively good prior record suggests that there is not a high risk that Pears will again commit a crime of this nature," and that therefore the sentencing goal of isolation would not justify a 20–year term of imprisonment. *Id.* at 1204.

As Judge Link noted when he sentenced Puzewicz, Puzewicz's mature age, his history of DWI convictions, his repeated acts of driving without a valid license, his other alcohol-related misdemeanor convictions, and his failure to respond to past efforts to treat his alcohol problem all serve to distinguish Puzewicz's case from *Pears*. In these respects, Puzewicz more closely resembles the defendant in *Sandvik*, for whom the supreme court upheld a sentence of 20 years with 8 suspended. *Sandvik*, 564 P.2d at 25–26.

Moreover, even though *Pears* was once interpreted as having set a presumptive ceiling of 10 years' imprisonment for second-degree murders that do not involve intentional assault, *see State v. Krieger*, 731 P.2d 592, 595 (Alaska App.1987), the supreme court has since disavowed this interpretation of *Pears*:

> [This interpretation of *Pears*] is no longer valid in the wake of this court's decision in *State v. Wentz*, 805 P.2d 962 (Alaska 1991), where we stated that the dicta in *Pears* purporting to limit the circumstances under which sentences may exceed ten years could not be applied beyond the particular facts of that case. *Id.* at 966 n. 5.

*State v. Bumpus*, 820 P.2d 298, 302 (Alaska 1991) (footnote omitted).

As described above, when Judge Link determined Puzewicz's sentence, he considered the sentencing criteria established in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), and now codified in AS 12.55.005. It is the sentencing court's responsibility to evaluate the importance of the various sentencing criteria under the particular facts of each case. *Asitonia v. State*, 508 P.2d

1023, 1026 (Alaska 1973), *Beauvois v. State*, 837 P.2d 1118, 1123 (Alaska App. 1992).

Based upon Puzewicz's driving history and other alcohol-related offenses, coupled with the egregious facts of Puzewicz's present offense, Judge Link concluded that Puzewicz was a "serious and dangerous offender" who required extensive isolation from the community. Judge Link also found that Puzewicz's conduct deserved strong community condemnation. His finding echoes the words of the supreme court in *Layland v. State*, 549 P.2d 1182, 1184 (Alaska 1976):

> [T]housands of innocent people are killed or seriously injured nationwide each year by automobile drivers who take to the road in spite of the fact that they are highly intoxicated. Unlike many crimes, the victim has no way of protecting himself. While vehicular homicide does not [involve an intentional assault], the fact that a loss of life is involved compels us

to consider it among the most serious offenses. This unique nature of the offense mandates that the trial court, in fashioning a sentence, place heavy emphasis on societal condemnation of the conduct and the need to protect society.

Our review of the record in this case convinces us that Judge Link did not abuse his discretion when he weighed the *Chaney* criteria, and that the sentence Judge Link imposed on Puzewicz is not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). The sentencing decision of the superior court is

AFFIRMED.