Ronald J. AHVAKANA, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8142.

Court of Appeals of Alaska.

Nov. 1, 2002.

David Reineke, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Mary E. Fischer, Assistant District Attorney, Barrow, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

**23.** *Gajo,* 290 F.3d at 930–32.

**24.** *See Bigham,* 812 F.2d at 946–47.

**25.** *See Palumbo,* 639 F.2d at 128 n. 6.

## *OPINION*

COATS, Chief Judge.

Ronald Ahvakana was convicted, based upon his plea, of criminally negligent homicide, a class B felony.[1] Superior Court Judge Michael Jeffery imposed the maximum term of 10 years of imprisonment. Ahvakana appeals to this court, arguing that the sentence is excessive. We remand.

On Sunday, October 24, 1999, Ahvakana called to invite his cousin over to his residence to drink. E.S. answered the phone and told Ahvakana that her brother was out of town but that she would come over to his place to drink. E.S. went over to Ahvakana's residence and drank a large quantity of alcoholic beverages while watching movies. According to Ahvakana, E.S. indicated an interest in sexual activity and pulled down her pants. She then passed out. Ahvakana stated that he believed that she had not really passed out and put his fingers into her vagina and rectum. Ahvakana felt blood but concluded that E.S. had started her menstrual cycle. At some point in the evening, Ahvakana went to sleep. In the morning, he discovered that E.S. was lying on the floor next to his bed dead. There was a significant amount of blood on and under her body. After several minutes of cleaning up the blood from E.S. and himself, Ahvakana called the police.

The police found multiple scratches and bruises on E.S. She had human bite marks on her back, buttocks, and inner thigh. She was lying in a pool of blood, which had come from the pelvic area of her body. The doctor who performed the autopsy found a massive tear to E.S.'s rectal and anal area and concluded that E.S. had died from bleeding related to the tear. He concluded that the initial tear had been caused by a foreign object.

The State charged Ahvakana with murder in the second degree and sexual assault in the second degree. Ahvakana ultimately entered a plea to criminally negligent homicide.

Ahvakana was thirty-seven years old at the time of sentencing. In 1990, he had been convicted of two counts of assault in the fourth degree, a class A misdemeanor, for physically abusing his daughters. Ahvakana was sentenced to a year suspended sentence, and the convictions were set aside in 1994. In 2000, Ahvakana was convicted of sexual abuse of a minor in the second degree, a class B felony, for having sexual intercourse with a minor under the age of sixteen. The court sentenced Ahvakana to 5 years with 2 years suspended on this offense. Ahvakana was on release on this offense at the time he committed the homicide. But because he had not been convicted of the sexual abuse of a minor charge at the time he had committed the homicide, Ahvakana was a first felony offender for purposes of presumptive sentencing. Ahvakana's sentence for criminally negligent homicide is consecutive to his sexual abuse of a minor sentence.

Criminally negligent homicide is a class B felony with a maximum sentence of 10 years' imprisonment.[2] The presumptive term for a second felony conviction is 4 years and the presumptive term for a third felony conviction is 6 years.[3] Judge Jeffery found that four aggravating factors applied to Ahvakana's offense: (1) that Ahvakana "employed a dangerous instrument in furtherance of the offense" (Ahvakana conceded that E.S.'s injuries, whether caused by a fist or another object, were sufficiently serious to imply that a dangerous instrument was used); (2) that Ahvakana should have known that E.S. was particularly vulnerable; (3) that "the conduct constituting the offense was among the most serious conduct included in the definition of the offense;" and, (4) that Ahvakana was on release on another felony charge.[4]

In sentencing Ahvakana, Judge Jeffery concluded that Ahvakana had committed a particularly serious criminally negligent homicide because his crime was actually "closer to a manslaughter case." Judge Jeffery reasoned that because of Ahvakana's extreme intoxication, his culpable mental state went beyond criminal negligence and actually constituted recklessness, thus supporting a manslaughter charge. He pointed out that, at a minimum, Ahvakana should

---

1. AS 11.41.130(a).

2. AS 11.41.130(b); AS 12.55.125(d).

3. AS 12.55.125(d)(1), (2).

4. AS 12.55.155(c)(4), (5), (10), (20).

have been aware, and would have been aware but for his intoxication, with the amount of blood that was flowing from E.S., that he needed to summon aid rather than continue to take sexual liberties. He pointed out that E.S.'s injuries seemed to support the conclusion that Ahvakana put his fist and arm into E.S.'s rectum or vagina while he was excited or drunk and caused a huge tear which caused E.S.'s death.

We set out guidelines for sentencing first felony offenders convicted of class B felonies in *State v. Jackson*.[5] In *Jackson*, we stated:

1. A typical offender committing a typical or moderately aggravated offense should receive an unsuspended term of a year or more to serve. The upper limit in such cases should be four years, reflecting our decision in *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981). In *Austin*, we indicated that first offenders should normally receive a sentence more lenient than the presumptive term for a second felony offender.

2. For an offense that is exceptionally aggravated—one that involves the existence of significant statutorily specified aggravating factors or other extraordinarily aggravated circumstances—a term of up to six years of unsuspended incarceration, the presumptive term for a third felony offender, would be justified.[6]

Therefore, the sentence which Judge Jeffery imposed falls outside the guidelines which we set out in Jackson. Judge Jeffery did not address the Jackson guidelines.

In imposing sentence, Judge Jeffery did rely on the case of *Rosendahl v. State*.[7] The defendant in Rosendahl was convicted of negligent homicide and failure to render assistance under the former criminal code.[8] Judge Jeffery pointed out that Rosendahl had received a sentence of 10 years of imprisonment, which had been upheld by the supreme court. But Rosendahl is distinguishable.

Rosendahl, driving while intoxicated, struck and killed a woman and then left the scene.[9] Rosendahl had two prior convictions for operating a motor vehicle while under the influence of intoxicating beverages as well as five speeding convictions within a three and one-half-year period.[10] The court emphasized the dangers of driving while intoxicated and Rosendahl's record of these prior offenses in upholding his 10–year sentence.

The important distinction between *Rosendahl* and the current case is that Rosendahl was sentenced under a different statutory scheme. Under the former criminal code, negligent homicide was a form of manslaughter and was punishable by a maximum term of imprisonment of 20 years.[11] Therefore, Rosendahl was sentenced under a different statutory scheme and his sentence was only half of the statutory maximum. It is therefore not persuasive authority for upholding the sentence in the present case.

Furthermore, the supreme court has consistently held that a sentencing court should not impose a maximum sentence unless the defendant can be characterized as a "worst offender."[12] Although he imposed a maximum sentence, Judge Jeffery did not find that Ahvakana was a "worst offender."

We accordingly conclude that Judge Jeffery's sentencing remarks are insufficient to support the sentence which he imposed. We VACATE the sentence and REMAND for resentencing.

---

5.   776 P.2d 320, 326–27 (Alaska App.1989).

6.   *Id.* at 326 (footnote omitted).

7.   591 P.2d 538 (Alaska 1979).

8.   *Id.*

9.   *Id.* at 539.

10.   *Id.*

11.   *Id.* at 538 n. 1, 540 n. 7.

12.   *Hintz v. State*, 627 P.2d 207, 210 (Alaska 1981).